JOHNSON, J.
Petitioner appeals from the decision of the Employment Appeals Board denying her claim for unemployment compensation on the ground that the claim was not timely filed. Petitioner has been employed by Oregon Freeze Dry Foods, Inc. for ten years. Because the company regularly shuts down on a seasonal basis, petitioner was accustomed to making periodic claims for unemployment compensation, her most recent prior claim occurring in January of 1976. The local office of the Employment Division nearest petitioner’s place of employment had in the past allowed claimant and others to file for benefits after returning to work from short layoffs contrary to Employment Division regulations, OAR 471-30-040(2).1 The local office subsequently corrected its error and conformed to OAR 471-30-040(2) which requires that a claimant file during the first week of unemployment.
Petitioner’s employer scheduled a shutdown to commence July 6,1976. During the first week of July, the local office notified the employer of the change to the one-week rule relating to the filing of claims and made arrangements for representatives of the local office to come to the place of employment to process claims on July 7. The employer in turn posted notices advising the employes regarding the necessity for filing during the first week of nonemployment as well as the time and place that the Employment Division personnel would be available to process claims. Petitioner had been on vacation since June 18,1976, and consequently was not informed of the requirement to file during the first week. She filed her claim upon her return to work in accordance with the past procedure of the local office. The claim was denied.
*[342]Petitioner’s principal argument is that it was an abuse of discretion for the Administrator of the Employment Division to refuse to waive the one-week filing requirement. ORS 657.255 provides that unemployment compensation benefits shall be paid in accordance with the administrator’s regulations. ORS 657.155 allows the administrator some discretion by rule to waive eligibility requirements. OAR 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 allows the exercise of such discretion if certain conditions exist. It is questionable, however, if any of *[343]those conditions existed here. The regulations appear to apply only to extraordinary situations involving many claimants. The record indicates that petitioner was probably the only claimant at Oregon Freeze Dry Foods, Inc. who had failed to make her claim on time. In any event, neither the statute nor the regulations mandates that the administrator exercise his discretion. This court is without authority to create such a mandate. Cf Mary’s Fine Food, Inc. v. OLCC, 30 Or App 435, 567 P2d 146 (1977).
Petitioner also alleges that the administrator had not supplied the employer with printed statements concerning Employment Division regulations as required by ORS 657.2603 and consequently the claim should be paid. We find nothing in the record to support petitioner’s allegation. It is undisputed that the employer was notified by phone of the change in procedure, and in turn posted a notice to employes informing them of the change. The fact that the employer may not have received a "printed statement” at that time was not the cause of petitioner’s late filing. She was on vacation and would not have received notice in any event.
Affirmed.

 "An initial claim must be filed prior to or during the first week of any series of one or more weeks for which benefits, waiting week credit, or noncompensable credit is claimed and prior to or during the first week of any subsequent series thereafter. However, a series of claimed weeks shall not be considered interrupted necessitating the filing of a reopened claim because of a disqualification for failure to file a timely claim for one week.” OAR 471-30-040(2).

 "(1) Pursuant to the provisions of paragraph (a), subsection (1) of ORS 657.155, and to support the policy of prompt payment of benefits when due, the Administrator may in his discretion authorize the use of special or alternative forms and procedures for filing unemployment insurance claims under the following conditions:
"(a) Mass layoffs from employment;
"(b) Irregular working schedules;
"(c) Plant, factory, firm, or business closure;
"(d) Extra-ordinary weather conditions;
"(e) Damage or impairment to Employment Division facilities; "(f) Disaster.
"(2) In the exercise of his' discretion the Administrator shall consider:
"(a) The number of claimants and employing units affected;
"(b) Travel, transportation, and mailing facilities;
"(c) Frequency of and anticipated duration of periods of unemployment;
"(d) Prospects of re-employment for unemployed workers;
"(e) Labor organization involvement;
"(f) Administrative expense and feasibility; and "(g) Any other factors that may be significant and material to such a finding.
"(3) When in his discretion the Administrator determines the conditions above exist he may:
"(a) Waive the registration requirements of ORS 657.155 for up to four consecutive weeks for which benefits are claimed;
"(b) Waive the initial claim filing requirements of subsection (2) of section 471-30-040 of these rules to permit filing an initial claim in a week subsequent to the first week of any series of one or more weeks for which benefits or waiting week credit is claimed. The time extension permitted is to be determined by the Administrator in a manner calculated to insure equity and provide prompt payment of benefits and may vary from one set of circumstances to another.
"(4) The procedures authorized by this rule may be implemented by the following employes only:
“(a) Administrator
"(b) Deputy Administrator
"(c) Chief of Unemployment Insurance Services
"(d) Supervisor of Benefits.” OAR 471-30-065.

"(1) Claims for benefits shall be filed in accordance with such regulations as the administrator may prescribe.
"(2) Each employer shall post and maintain printed statements concerning such regulations or such other matters as the administrator may by regulation prescribe in places readily accessible to individuals in his service and shall make available to each such individual copies of printed statements or materials relating to claims for benefits as the administrator may by regulation prescribe. Such printed statements shall be supplied by the administrator to each employer without cost to him.
"(3) Every person making a claim shall certify that he has not, during the week with respect to which benefits are claimed, received or earned wages or compensation for any employment, whether subject to this chapter or not, otherwise than as specified in his claim.” ORS 657.260.